UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.K., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RTC GROUNDS, et al.,<br><br>    Defendants. | Case No. 5:14-cv-05634-RMW<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(Re: Docket No. 40)** |

The question before the court is straightforward: does Fed. R. Civ. P. 34 require a defendant to produce documents from his former employer? The answer, at least on this record is equally straightforward: no.

Plaintiffs in this Section 1983 case served various document requests on Defendants R.T.C. Grounds and Gary Sandor.[1] Plaintiffs are the estate of Dimitris Kalazakis, his parents, and his minor son through his duly appointed guardian ad litem.[2] Kalazakis was killed by his cellmate at Salinas Valley State Prison, and Plaintiffs wish to hold Defendants, one the SVSP warden at the time of the homicide, and the other a member of the committee that determined Kalazakis' housing classification, responsible.[3] Grounds and Sandor have both since retired from their former employer, the California Department of Corrections and Rehabilitation.[4] Among their

---

[1] *See* Docket No. 40 at 2.

[2] *See id.* at 1.

[3] *See id.*

[4] *See id.* at 2.

1

Case No. 5:14-cv-05634-RMW
ORDER DENYING MOTION TO COMPEL

objections to Plaintiffs' requests, Defendants argue that they do not have possession, custody or control of any otherwise responsive documents in the files of their former employer.[5]

While Rule 34 provides that a party is required to produce responsive documents within his "possession, custody, or control," courts have struggled with what exactly that means.[6] Within the Ninth Circuit, trial courts follow the "legal right" standard: "[c]ontrol must be firmly placed in reality, and the court examines whether there is actual, not theoretical control. Decisions within the Ninth Circuit have noted the importance of a legal right to access documents created by statute, affiliation or employment."[7]

Against these standards, Plaintiffs' demand for documents from Defendants' former employer falls flat. In particular, Plaintiffs fail to show that Grounds and Sandor have the authority to compel the CDCR or any of its facilities to produce the documents they request. At the time their responses were served, Grounds and Sandor were retired from CDCR.[8] Plaintiffs were aware that Sandor was retired when they served the discovery in November 2015, because Plaintiffs' counsel had taken Sandor's deposition on October 14, 2015 in another case. There, he explained in detail the various positions he held with CDCR through April 2014, including his limited work at California State Prison-Corcoran.[9] Similarly, Grounds retired from SVSP in 2014, and at the time he served his responses on December 21, 2015, he was retired. Grounds recently accepted a limited appointment as a Retired Annuitant-Chief Deputy Warden at the California Institution for Men. As a retired annuitant, he is akin to an independent contractor, hired for a

---

[5] *See id.*

[6] *See, e.g.*, *Goodman v. Praxair Servcs., Inc.*, 632 F. Supp. 2d 494, 514 (D. Md. 2009) ("What is meant by [Rule 34] 'control' . . . has yet to be fully defined.") (Grimm, J.).

[7] *Verigy US, Inc. v. Mayder*, Case No. C07-04330 RMW (HRL), 2008 WL 4786621, at *1 (N.D. Cal. Oct. 30, 2008).

[8] *See* Docket Nos. 41-1, Docket No. 41-2.

[9] *See* Docket No. 41-3.

2
Case No. 5:14-cv-05634-RMW
ORDER DENYING MOTION TO COMPEL

specific purpose as stated in the Justification Memo and Duty Statement submitted to the court.[10] His appointment is limited to CIM and is expected to end in June 2016.[11] But Grounds' current limited role at CIM does not change the analysis here, because as a contractor, he is not a CDCR employee and does not have the legal right to demand production of the requested documents.[12]

Plaintiffs point to *Ochotorena v. Adams*,[13] *Bovarie v. Schwarzenegger, et al.*,[14] *Woodall v. California*,[15] *Mitchell v. Adams*[16] and *Allen v. Woodford*,[17] but those cases are factually inapposite: they involve current, not former, employees. None of the cases Plaintiffs rely on stand for the proposition that former CDCR employees have actual or constructive possession, custody or control of documents in the actual possession of their former employer.

Courts have routinely held that former employees do not have the requisite control. In *Bryant v. Armstrong*,[18] the district court rejected the plaintiff's argument that Defendant "Armstrong has control over Calipatria's law library scheduling policies" because "she and the other Defendants are represented by the Attorney General's Office, and the other Defendants are currently employed by CDCR."[19] The court noted that the plaintiff's argument "would be stronger

---

[10] *See* Docket No. 41-4.

[11] *See id.*

[12] *Cf. Guthrey v. California Dep't of Corr. & Rehab.*, Case No. 1:10–cv–02177–OWW–GSA, 2011 WL 1259835, at *4 (E.D. Cal. Mar. 30, 2011) (finding that plaintiff, a retired annuitant for CDCR, cannot bring claims under Government Code § 12940 "as only an individual's employer may be held liable under FEHA").

[13] Case No. No. 1:05-cv-01524-LJO-DLB (PC), 2010 WL 1035774 (E.D. Cal. Mar. 19, 2010).

[14] Case Civil No. 08cv1661 LAB (NLS), 2011 WL 719206 (S.D. Cal. Feb. 22, 2011).

[15] Case No. 1:08–CV–01948–OWW–DLB PC, 2010 WL 4316953 (E.D. Cal. Oct. 22, 2010).

[16] Case No. CIV S-06-2321 GEB GGH P, 2009 WL 674348 (E.D. Cal. Mar. 6, 2009).

[17] Case No. CV-F-05-1104 OWW LJO, 2007 WL 309945 (E.D. Cal. Jan. 30, 2007).

[18] 285 F.R.D. 596 (S.D. Cal. 2014).

[19] *Id.* at 607.

3
Case No. 5:14-cv-05634-RMW
ORDER DENYING MOTION TO COMPEL

if the document request was directed at a Defendant who was currently employed by CDCR."[20] The court concluded that "Armstrong cannot be compelled to produce documents from an agency that previously employed her when the records are not in her custody, possession, or control."[21] In *Lopez v. Chertoff*, the court found that the defendant, a former employee of the Yolo County Public Defender's Office, did not have possession, custody, or control of documents "held by his former employer, nor [did] he have the present ability to legally demand such documents."[22] And the district court in *Lowe v. District of Columbia* stated that "[f]ormer employees for government agencies do not have 'possession, custody, or control' of documents held by their former employers."[23]

Plaintiffs separately rely on *Bovarie* and *Woodall* for the proposition that individuals represented by the Office of the Attorney General have control over the requested documents. In both cases, the court concluded that by virtue of their representation and continued employment with CDCR, the defendants had control of the requested documents, and required the defendants to provide factual support if they continued to assert that they did not have control of the documents. But here, Plaintiffs cited no regulation, code or other authority that gives the Office of the Attorney General unfettered access to the documents requested in the production requests directed at Grounds and Sandor.

---

[20] *Id.*

[21] *Id.*

[22] Case No. CV 07–1566–LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009).

[23] 250 F.R.D. 36, 38 (D.D.C. 2008); *see also, McCurdy v. Johnson*, Case No. 2:08–cv–01767–JAD–PAL, 2013 WL 4506432, at *3 (D. Nev. 2013) ("Defendant cannot be compelled to produce documents from an agency that previously employed him when the records are not in his possession, custody, or control.").

4
Case No. 5:14-cv-05634-RMW
ORDER DENYING MOTION TO COMPEL

1  **SO ORDERED.**

2  Dated: April 1, 2016

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge